UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
DAVID MAXWELL,                                                    :
                                                                  :
                               Plaintiff,                         :
                                                                  :                    23 Civ. 3563 (JPC)
                    -v-                                            :
                                                                  :                    ORDER OF SERVICE
STATE OF NEW YORK *et al*.,                                       :
                                                                  :
                               Defendants.                        :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

　　　Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, asserting

claims of false arrest, malicious prosecution, and denial of medical treatment.  By Order dated

May 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is,

without prepayment of fees.  Dkt. 4.  For the reasons set forth below, the Court dismisses Plaintiff's

claims against the State of New York and Bronx County District Attorney Darcel Clark, directs

service on Sergeant Howard Moth and Officer Fatmir Vucetovic, and directs the New York City

Fire Department to identify the John Doe Emergency Medical Services ("EMS") worker that

Plaintiff seeks to sue.

## I.  Background

　　　The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack

Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when

the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates

dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally,

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## II. Discussion

### A.      The State of New York

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)

(internal quotation marks omitted).  "The immunity recognized by the Eleventh Amendment

extends beyond the states themselves to state agents and state instrumentalities that are, effectively,

arms of a state." *Id*. (internal quotation marks omitted).  New York has not waived its Eleventh

Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity

in enacting Section 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d

Cir. 1977).  Plaintiff's Section 1983 claims against the State of New York are therefore barred by

the Eleventh Amendment and are dismissed.

### B.      Bronx County District Attorney Darcel Clark

Prosecutors are immune from civil suits for damages for acts committed within the scope

of their official duties where the challenged activities are not investigative in nature but, rather, are

"'intimately associated with the judicial phase of the criminal process.'"  *Giraldo v. Kessler*, 694

F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also*

*Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a

"functional approach" that "looks to the nature of the function performed, not the identity of the

actor who performed it" (internal quotation marks and citations omitted)).  In addition, prosecutors

are absolutely immune from suit for acts that may be administrative obligations but are "directly

connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that Assistant District Attorneys' direction as to where criminal defendant would be arraigned was made in preparation for a court proceeding in which the prosecutors were acting as advocates, and therefore that the Assistant District Attorneys were shielded by absolute immunity).

Here, Plaintiff's claims against Bronx County District Attorney Darcel Clark, which in essence assert that Clark prosecuted Plaintiff on "fabricated charge[s]" Dkt. 1 at 6-7, are based on actions within the scope of Clark's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and because they are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it is brought for "initiating a prosecution [or for] presenting the State's case" (internal quotation marks omitted) (alteration in original)).

## C.     Service on Sergeant Moth and Officer Vucetovic

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date a complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint until the Court reviewed the Complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Sergeant Howard Moth and Officer Fatmir Vucetovic through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the Complaint is not served within ninety days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.    *Valentin* Order**

Under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  In the Complaint, Plaintiff supplies sufficient information to permit the New York City Fire Department to identify the John Doe EMS worker that responded to the 911 call at Plaintiff's apartment on May 4, 2021.  The Court therefore orders that the New York City Law Department, which is the attorney for and agent of the New York City Fire Department, ascertain the identity of the John Doe EMS worker that Plaintiff seeks to sue in this action and the address where that individual may be served.  The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendant.  The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.

Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 form with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

### III.  Conclusion

The Court dismisses Plaintiff's claims against the State of New York as barred by the Eleventh Amendment.

The Court dismisses Plaintiff's claims against Bronx County District Attorney Darcel Clark because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and because they are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Sergeant Howard Moth and Officer Fatmir Vucetovic, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The New York City Law Department is directed to ascertain the identity of the John Doe EMS worker that Plaintiff seeks to sue in this action and the address where that individual may be served, and to provide that information to Plaintiff and the Court within sixty days of the date of this Order.

The Clerk of Court is also directed to mail a copy of this Order and the complaint to the New York City Law Department at 100 Church Street, New York, NY 10007.

The Clerk of Court is further directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

       SO ORDERED.

Dated: May 4, 2023
      New York, New York

                                      JOHN P. CRONAN
                             United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1.      Sergeant Howard Moth
        New York City Police Department
        4111 Laconia Avenue
        Bronx, NY 10466

2.      Officer Fatmir Vucetovic
        New York City Police Department
        4111 Laconia Avenue
        Bronx, NY 10466

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State                  Zip Code

_____

Telephone Number                          Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                      Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                      Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                    State                      Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.